# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ROSARIO FREGOZA ALVAREZ,**   Criminal Case No. 2:09-CR-183 (1)
                                Civil Case No. 2:16-CV-806
    **Movant,**               Judge Alegnon L. Marbley
                                Chief Magistrate Judge Elizabeth P. Deavers

    v.

**UNITED STATES OF AMERICA,**

    **Respondent.**

## REPORT AND RECOMMENDATION

Movant, a federal prisoner, has filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255. (ECF No. 91.) The matter is before the Court on Respondent's Response in Opposition (ECF No. 93) and the record of prior proceedings. Movant did not file a Reply. For the following reasons, the Magistrate Judge **RECOMMENDS** that the motion to vacate be **DENIED** and that this action be **DISMISSED**.

Pursuant to a negotiated plea agreement, Movant pleaded guilty to Conspiracy to Distribute one kilogram or more of heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 21 U.S.C. § 846. (ECF Nos. 51, 77.) On June 14, 2010, this Court entered a judgment imposing a sentence of 120 months of imprisonment to be followed by a five-year period of supervised release. (ECF No. 77.)[1] Although Movant filed several subsequent motions that do not impact this Report and Recommendation, she did not file a direct appeal.

---

[1] The Court takes judicial notice that Movant has been released from incarceration. Nevertheless, she remains subject to supervised release if present in the United States and that she was in custody when she filed the motion to vacate.

In the motion to vacate, Movant alleges that her sentence should be "set aside" in light of Amendment 794 to U.S.S.G. § 3B1.2 and *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016). (ECF No. 91.) She asserts that the holding in *Quintero-Leyva* entitles her to a "minor role" reduction to her sentence pursuant to Amendment 794. The Magistrate Judge disagrees.

Amendment 794 went into effect on November 1, 2015— approximately five years after Movant was sentenced in June of 2010. *See* U.S.S.G. app. C, amend. 794 (2015). That amendment modified the application note to § 3B1.2 so that it now describes various issues to be considered when determining if a defendant played a minimal or minor role in an offense. In *Quintero-Leyva*, the Ninth Circuit Court of Appeals held that Amendment 794 applies retroactively to cases on direct appeal. 823 F.3d at 523. The Sixth Circuit Court of Appeals subsequently adopted the reasoning in *Quintero-Leyva* and held that the amendment applies retroactively to direct review of a conviction. *United States v. Carter*, 662 F.2d App'x. 342, 349 (6th Cir. 2016) (citing *Quintero-Leyva*). A § 2255 motion to vacate is not, however, part of the direct review process but is instead a collateral proceeding.

Indeed, this Court has held that although Amendment 794 applies retroactively on direct appeal, it does not apply retroactively to collateral proceedings. *Johnson v. United States*, Nos. 2:16-cv-528, 2:10-cr-185, 2016 WL 6084018, at *2 (S.D. Ohio Oct. 17, 2016) (finding that "Amendment 794 does not apply to … collateral proceedings"); *Hamilton v. United States*, Case Nos. 2:16-cv-993, 2:14-cr-217(2), 2017 WL 1326517, at *2 (S.D. Ohio April 11, 2017), *report and recommendation adopted*, 2017 WL 3446821, (S.D. Ohio August 10, 2017) (finding that "Amendment 794 does not apply in the context of collateral review"); *Aguas-Landaverde v. United States*, No. 2:15-cr-00183, 2016 WL 5341799, at *2 (S.D. Ohio Sept. 23, 2016), *report*

*and recommendation adopted*, 2016 WL 6070480 (S.D. Ohio oct. 17, 2016) (explaining that although *Quintero-Leyva* held that Amendment 794 applies retroactively on direct appeal, no case has held that such relief is available on collateral review). Other District Courts sitting in the Sixth Circuit have reached the same conclusion *See e.g., Koelbin v. United States*, Case Nos. 1:15-cr-0011, 1:16-cv-1996, 2016 WL 7012302, at *2 (N.D. Ohio December 1, 2016) (explaining that "Amendment 794 does not apply retroactively in habeas proceedings"); *United States v. Osborne*, Case Nos. 6:13-030-DCR-3, 6:16-200-DCR, 2017 WL 915129, at *2 (E.D. Ky. Mar. 8, 2017) (explaining that Amendment 794 has not been held to apply on collateral review); *United States v. Jackson,* Case No. 3:14-cr-002, 2018 WL 4560204, at * 2 (E.D. Tenn. Sept. 21, 2018) (finding that '[b]ecause the instant defendant's case is not in a posture of direct appeal, *Quintero-Leyva* and *Carter* do not apply"). As a number of these decisions have explained, U.S.SG. § 1B1.10 lists all the sentencing guideline amendments that are retroactively applicable to defendants on collateral review, and Amendment 794 is simply not on that list. *See e.g., Hamilton*, 2017 WL 1326517, at * 2 (citing *United States v. Germany*, Case Nos. RDB-16-3704, RDB-14-0580, 2016 WL 6780213, at *1 (D. Md. Nov. 16, 2016) (explaining that Amendment 794 is not on the list of Guideline amendments made retroactively applicable to defendants on collateral review)); *Koelblin*, 2016 WL 7012302, at *2 ("U.S.S.G § 1B1.10 lists the Guideline amendments that are retroactively applicable to defendants on collateral review, and Amendment 794 is not listed"). Accordingly, the motion to vacate should be **DENIED**.

**Recommended Disposition**

**WHEREUPON**, the Magistrate Judge **RECOMMENDS** that the motion to vacate be **DENIED** and this action be **DISMISSED.**

**Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have a District Judge review the Report and Recommendation *de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

      **IT IS SO ORDERED.**

**DATE: May 24, 2019**　　　　　　　　　　　　　　　　　　　　　　*/s/ Elizabeth A. Preston Deavers*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**ELIZABETH A. PRESTON DEAVERS**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**